In re Shelia L. MARTIN, Debtor.

No. 09–42237.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

April 26, 2013.

Christian Elenbaas, Steve Miljus, Nicholas R. Perino, Elizabeth Placek, Patrick Semrad, Brian R. Zeft, Robert J. Semrad & Associates, L.L.C., Chicago, IL, Benjamin E. Starks, Chicago, IL, for Debtor.

## ORDER ON MOTION FOR SANCTIONS (Dkt. No. 74)

JACQUELINE P. COX, Bankruptcy Judge.

### I. Jurisdiction

The court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(O). *See MBNA America Bank, N.A. v. Hill,* 436 F.3d 104, 109 (2d Cir.2006) (motions for sanctions for violation of the automatic stay are core proceedings because they derive directly from the Bankruptcy Code and can be brought only in the bankruptcy context). Venue is proper under 28 U.S.C. § 1409.

### II. Facts and Background

Debtor Shelia L. Martin ("Debtor") filed for relief pursuant to Chapter 13 of the Bankruptcy Code ("Code") on November 6, 2009. The case was dismissed on February 2, 2010 for failure to make plan payments. *See* Bankruptcy Case 09–42237, dkt. no. 23. The dismissal was vacated on February 22, 2010. *See* dkt. no. 27.

On June 21, 2010, this court modified the automatic stay on behalf of American Home Mortgage Servicing, Inc. as Trustee for Option One Mortgage Loan Trust 2006–3 ("Mortgagee") due to a three month post-petition mortgage payment default. On July 26, 2010, this court entered an Order modifying the Debtor's Plan increasing the amount of pre-petition mortgage arrears payable to the Mortgagee through the Plan to $126,918.00. The Plan was also modified to increase the Debtor's payment to the Chapter 13 Trustee to $2,600.00 each month.

On December 12, 2011, this court granted the motion of the Mortgagee to approve a mortgage modification agreement with the Debtor. Advances and delinquent amounts were added to the principal amount due under the loan. In addition, the loan's interest rate was reduced.

On July 23, 2012, this court entered an order modifying the Debtor's Chapter 13 Plan that removed the mortgage arrears listed in Section E 5(a) of the Plan. The Order stated that the Chapter 13 Trustee was not required to collect funds previously disbursed to the creditor. The problem is that the Chapter 13 Trustee continued to make payments to the Mortgagee on the arrears claim. The eight month gap between the entry of the Order approving the mortgage modification and the entry of the Order modifying the Plan undoubtedly contributed to the confusion regarding whether the Chapter 13 Trustee or the Debtor was responsible for making the mortgage payments going forward after the mortgage had been modified. Both the Debtor and the Chapter 13 Trustee paid the amounts due on the mortgage.

The Debtor complains in her Motion for Sanctions that the Mortgagee continued to attempt to collect the mortgage payments from both the Debtor and the Trustee. The Chapter 13 Trustee should not have continued to disburse funds to the Mort-

gagee on its arrears claim, due to the modification agreement approved by court Order on December 12, 2011 and the Plan modification Order entered on July 23, 2012. However, such payments were made. On June 23, 2012, the Mortgagee returned $12,481.25 to the Chapter 13 Trustee. In September of 2012, the Chapter 13 Trustee returned $20,511.56 to the Debtor.

The Debtor complains that had the Mortgagee not collected funds from the Chapter 13 Trustee after the modification was approved, she would have been able to complete her Plan payments earlier and get a discharge in the beginning of 2012. The Mortgagee disagreed, pointing out that entry of a discharge was delayed because the Debtor was late filing the Declaration Regarding Domestic Support Obligations required by section 1328(a) of the Bankruptcy Code. Debtor filed a Declaration regarding Domestic Support Obligations on April 1, 2013, the date on which this motion was heard. *See* Case 09–42237, dkt. no. 87.

## III. Discussion

The court must determine whether the Mortgagee violated the automatic stay by accepting payments from the Chapter 13 Trustee. The Debtor's position is that she could have completed her Plan earlier and started to rebuild her credit had the Mortgagee not accepted the payments. However, the unrebutted testimony of a representative of the mortgagee revealed that the Debtor has defaulted on her post-petition mortgage obligations. That representative testified that the Debtor was fourteen months behind on her mortgage obligation, to the tune of $47,587.29. The Debtor did not assert or prove that she was current with her mortgage obligation; she asserts that she thought she was only three months behind. Even if the Debtor

had forwarded the $20,511.56 returned to her by the Chapter 13 Trustee, she might still be in default on the mortgage. This belies the Debtor's position that her financial situation was damaged due to the Mortgagee's conduct. The post-petition mortgage default has also contributed to the Debtor's problems and prolonged her stay in Chapter 13. The Debtor's postpetition/post modification mortgage payment default, the eight month delay in having the Plan amended and the Mortgagee's conduct have delayed her exit from Chapter 13.

The Debtor argues that damages of $1.8 Million are due her for the Mortgagee's conduct based on *In re De La Fuente*, 430 B.R. 764 (Bankr.S.D.Texas 2010). There a mortgagee did not correct its loan records to reflect that the debtors were current with their mortgage loan after repeated complaints by the debtors that the lender's records were inaccurate. As a contempt sanction the court imposed a coercive per diem fine of $1,261.28 until the lender brought itself into full compliance and paid a $11,825.60 per diem fine already imposed. Attorneys' fees in the amount of $4,544 were awarded.

That case does not help Debtor Shelia Martin because she is not current with regard to payment of her mortgage obligations.

On July 2, 2012, this court stated that this case was similar to *In re Jones*, 2012 WL 1155715 (Bankr.E.D.La.2012). *See* July 2, 2012 transcript at page 6, Bankruptcy Case No. 09–42237, dkt. no. 68. In *Jones* a bankruptcy court imposed punitive damages against Wells Fargo Bank in the amount of $3,171,154 for its conduct in improperly applying a debtor's mortgage payments. That court noted that Wells Fargo had done the same to other debtors. Wells Fargo's improprieties included charging undisclosed post-petition fees.

The evidence also disclosed that Wells Fargo continued to improperly amortize loans by employing prohibited practices after being penalized for doing so. Wells Fargo's conduct herein is not as reprehensible as its conduct in the *Jones* case. Here we do not have a creditor's repeated, contumacious refusal to comply with requirements after being sanctioned for identical problems with respect to more than one debtor.

The Debtor testified that this problem has caused her significant mental anguish. She testified that because she missed several shifts working as a nurse at Roseland Hospital as an independent contractor she had to be shifted to work there as an employee at a reduced salary. Her physician and Roseland Hospital colleague, Dr. Ahmed Shafi, testified credibly that he treated the Debtor for certain ailments that might have been caused by financial difficulties around the time she encountered the problems with the Mortgagee. The Debtor also testified that her income has been reduced by $25,000 a year and that she cannot regain the position that allowed her a higher income. The court is not convinced of this. Now that her problems will be resolved by this Order, perhaps positions at a higher salary will become available at either the Roseland Hospital or at other medical institutions.

The Mortgagee and the Debtor share fault for the Mortgagee's receipt of the disbursements from the Chapter 13 Trustee that covered mortgage payments that the Debtor was paying directly. Chapter 13 Debtors and their attorneys have to maintain constant vigilance regarding how plan payments are made and disbursed. Indeed, the Court Approved Retention Agreement ("CARA") expressly provides that after a chapter 13 case is filed, the attorney will "[p]repare, file, and serve timely modifications to the plan after confirmation, when necessary, *including modifications* to suspend, lower, or increase plan payments." *See* CARA at p. 3, ¶ 10, available at *http://www.ilnb.uscourts.gov* (emphasis added). However, primary responsibility for that effort lies with the Mortgagee, a noted financial institution that operates nationwide. When the parties amend mortgage obligations via loan modification agreements, the mortgagees should insist that appropriate plan amendments be made to reflect the changes.

■ The Debtor also complains that the Mortgagee should have withdrawn its claim for arrears or amended the Plan. However, the Bankruptcy Code does not allow a secured creditor to amend a Chapter 13 Plan. Only the debtor, the trustee or an unsecured creditor may request a plan modification. Section 1329 of the Code provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim. . . .

11 U.S.C. § 1329(a).

The Debtor could have amended the Plan. As a secured creditor, the Mortgagee could not. Going forward when asked to rule on loan modification approval requests that affect a Plan's arrears claim, the Debtor will be asked to consider whether approval of the loan modification necessitates that the Plan be amended to change the arrears claim provided for therein. Many motions to approve loan modifications are made by secured lenders. However, because secured creditors cannot request plan modifications, the Debtors and their attorneys will be required to later report to the court whether the loan has been modified as approved by the court and whether the Plan has to be modified to reflect whether it will continue to cover

arrears or whether the arrears amount has been included in the new loan.

Motions to approve mortgage modifications should be filed by Chapter 13 debtors because as holders of secured claims mortgagees cannot include in a motion for approval a request for a plan modification where modifications have to be made.

The Mortgagee could have amended its claim to reflect that the principal amount due it had increased according to the terms of the mortgage modification agreement. The Mortgagee was not obligated to withdraw its claim, however; doing so might have meant that it could not expect mortgage payments to be made by the Debtor while the Plan was in effect.

The Mortgagee herein Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. as Servicer for Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2006–3 Asset–Backed Certificates, Series 2006–3 is sanctioned as follows for its conduct herein:

1. the Debtor is awarded attorneys fees in the amount of $7,000;

2. the Debtor is awarded damages in the amount of $5,000 for the physical and medical injuries caused in part by the Mortgagee's conduct in accepting funds from the Chapter 13 Trustee herein in spite of the loan modification and Plan approval Orders.

The court notes that its docket includes entry of an April 2, 2013 discharge order which may amount to a declaration that the Debtor is current with her post-petition mortgage payments. However, when the court heard un-rebutted testimony at the April 1, 2013 hearing of the motion at issue herein that the Debtor was not then current with her post-petition mortgage obligation. To avoid problems and misunderstandings about where the Debtor and the Mortgagee stand on this issue, this case is set for a Status Hearing on Monday, May 13, 2013 at 11:00 a.m.